NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3732
_____

RICHARD LAWRENCE WARNER,
Appellant

v.

CATHERINE B. MCVEY, Chairman of the Pa. Board of Probation and Parole;
STATE OF PA. BOARD OF PROBATION AND PAROLE, a Public Entity;
PATRICIA LIGHTNER, District Director of Pa. Board of Probation and Parole, Erie District
Office; JAMES WILLIAMS, Western Regional Director of the Pa. Board of Probation and
Parole

_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court  No. 1-08-cv-0005
District Judge: The Honorable Sean J. McLaughlin

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 10, 2011

Before: SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed:  May 27, 2011)

_____

OPINION

_____

SMITH, *Circuit Judge.*

Richard Lawrence Warner brings this civil rights action pursuant to 42 U.S.C. § 1983.

He alleges that his right to procedural due process was violated when the Pennsylvania Board of

Probation and Parole designated him a "sex offender" and instructed him to attend sex offender

1

treatment. The District Court granted summary judgment in defendants' favor. Warner appeals in part. We will affirm.

In August of 2005, Warner traveled to Iowa, posed as a physician, purported to perform a medical examination upon an eighteen-year-old female, and digitally penetrated the victim's vagina and fondled her breasts. He was arrested and charged with "sexual abuse in the third degree," a felony under Iowa law. State authorities eventually offered to drop the sexual abuse charge if Warner pleaded guilty to the offense of "practicing medicine without a license," also a felony under Iowa law. He agreed. The state trial court accepted the plea and sentenced Warner to, *inter alia*, three years' probation.

Warner was a resident of Crawford County, Pennsylvania. Iowa officials therefore transferred administration of his supervised release to the Pennsylvania Board of Parole. Defendant Patricia Lightner, District Director of the Parole Board's District Office in Erie, reviewed Warner's file and ordered him to undergo an evaluation for "sex offender therapy." Warner initially refused. He then submitted a formal complaint protesting the Board's order. Lightner rejected the complaint. In an attempt to appeal this decision, Warner sent written correspondence to defendant James Williams, requesting relief from the Board's directive. Williams did not respond to Warner's request.

Warner eventually complied with the Board order, submitted to a sex offender evaluation, was designated a "sex offender" for purposes of his state supervision, and was instructed to attend sex offender treatment sessions. His attendance, however, was sporadic, and Warner was discharged from treatment in April of 2008 for refusal to cooperate. Nothing appears to have come of his noncompliance, and he completed his probationary period without further incident.

Warner filed this civil rights complaint in the Western District of Pennsylvania

2

approximately two months before he was discharged from treatment. He alleged that his right to procedural due process had been violated because he was not permitted a hearing to contest his designation as a sex offender. After a period of discovery, the parties filed cross-motions for summary judgment. The Magistrate Judge recommended that the District Court grant defendants' motion and deny the motion filed by Warner. The District Court adopted the Magistrate Judge's recommendation in full. Warner timely appealed. The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction to review the final judgment, 28 U.S.C. § 1291, and we consider the question whether summary judgment was appropriate de novo, *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011).

Warner's appeal is narrow in scope. He limits his challenge to the District Court's determination that defendants Lightner and Williams were entitled to qualified immunity. The District Court held that at the time Warner was classified as a sex offender, his right to a hearing was not clearly established. Warner disagrees, and argues that in *Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010), this Court held that an individual is entitled to procedural due process before he or she is stamped with "sex offender" status. Defendants contend that *Renchenski* is not relevant because that case was decided recently and that the right therefore was not clearly established when the designation was applied to Warner.

We agree with the defendants. In *Renchenski*, we held that "only after a prisoner has been afforded due process may sex offender conditions be imposed on an inmate who has not been convicted of a sexual offense." *Renchenski*, 622 F.3d at 326. Even if we assume that our reasoning recognizes a clearly established right for a probationer such as Warner, this right was not clearly established when Warner's designation was applied. *See Torisky v. Schweiker*, 446 F.3d 438, 442 (3d Cir. 2006) (stating that the right in question must have been "'clearly

3

established at the time of the alleged violation'" (quoting *Wilson v. Layne*, 526 U.S. 603, 609 (1999))). Lightner and Williams are therefore entitled to immunity from suit. Accordingly, we will affirm the order of the District Court granting summary judgment in their favor.